BEYER v. CONSOLIDATED GAS CO.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. GAS COMPANY—NEGLIGENCE—QUESTION FOR JURY.
    In an action against a gas company to recover for personal injuries, the evidence disclosed that plaintiff lighted a gas radiator, and then laid down on a couch in the room therewith, and went to sleep; that, while she was asleep, defendant's employés, for the purpose of improving the gas pressure, turned off the gas in the building, drew off water which had accumulated in the pipes, and turned on the gas again; that it was usual for defendant to warn tenants of any intention to obstruct the flow of gas. The evidence was conflicting as to what steps defendant's employés took to warn plaintiff, there being testimony that they knocked on the door, but not sufficiently loud to arouse her. *Held*, that the question of whether defendant's employés used such care as was incumbent on them under the circumstances was for the jury.

2. CONTRIBUTORY NEGLIGENCE.
    Under such conditions there was no question of contributory negligence.

3. TRIAL—WITNESSES—INTEREST—HARMLESS ERROR.
    In an action by a woman to recover for injuries sustained by reason of defendant's negligence, it is harmless error to exclude, on cross-examination of plaintiff's husband, a question tending to show his interest in the case, as such fact is presumed by reason of his relation.

4. WITNESS—IMPEACHMENT.
    Parol evidence of the contents of a complaint made by a witness in another action is incompetent to impeach his testimony.

Appeal from trial term, New York county.

Action by Caroline Beyer against the Consolidated Gas Company. From a judgment in favor of plaintiff, defendant appealed. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

David McClure, for appellant.

Geo. F. Roesch, for respondent.

RUMSEY, J.   This is an action brought to recover damages for injuries suffered by plaintiff on account of the negligence of defendant's servants.   The plaintiff had a verdict at the trial, upon which the defendant moved for a new trial, which was denied, and the appeal is taken from the judgment and the order denying the new trial.

In the month of January, 1896, the plaintiff lived, with her husband, in an apartment on the third floor.   Before that time the defendant, which supplied the house with gas, had put the connection for a gas stove into one of the rooms of the plaintiff, at her request.   There had been trouble with the flow of gas through the pipes, and at the request of the landlord two men were sent to cure the defect, if possible.   This took place on the 11th of January, which was a very cold day.   Just before the men came, the plaintiff lighted the gas in the radiator, and laid down on the lounge in the room where it stood, to take a nap.   While she was sleeping, the men who had been sent by the defendant to clean out the pipes arrived at the house, shut off the gas from the whole house, cut the connection between the pipes in the house and the street, blew out the water from the pipes, which had obstructed the flow of gas, reconnected the pipes, and turned the gas on again. After the gas had been turned on, it flowed through the open radiator into the plaintiff's room, until she was finally aroused by something which took place in the room, discovered the situation of affairs, found herself very much affected by the gas which she had inhaled, and with difficulty reached the door, and called for help.   After this she suffered very considerably, as she said, because of the inhalation of the gas, and there was considerable evidence given by her tending to show that her injury was serious. These facts are not disputed.   The facts upon which the plaintiff bases her claim against defendant which were disputed were that when the men were sent by the defendant to attend to the pipes they went, with the janitor, to the various apartments, and took means to advise the occupants what was proposed to be done, in order that they might protect themselves against the flow of gas. They went to the door of the plaintiff's room where she was sleeping, and made some efforts to arouse her, which were not successful.   The plaintiff claims that these efforts were not such as should have been made, and that the men were guilty of negligence in not using more efficient means to arouse her from sleep when they were about to close the connection with the gas mains, and thereby

cut off the flow of gas into her room. Undoubtedly, when these men went to that place for the purpose of interfering with the flow of gas through the pipes, it was their duty to use proper care to see that the occupants of the rooms had an opportunity to protect themselves against the results which follow from tampering with the flow of gas. The care which was required of them for that purpose was commensurate with the danger which might result to an occupant of the room if, for any reason, the gas might flow into it without being lighted, which every one knows might either be the means of causing an explosion, or would be likely to suffocate any person who might be in the room. Whether the defendant's servants did use such care to warn the inmates was clearly a question of fact for the jury upon all the evidence in the case, because it cannot be said, as a matter of law, either what efforts should have been made to warn the inmates, or whether the unsuccessful efforts which were made to warn the plaintiff were sufficient. In this case there was a serious question, upon the evidence, what efforts were made by the defendant's servants to warn the plaintiff before they began work. A reading of the evidence satisfies us that the jury were justified in believing the witnesses for the plaintiff as to what was done by way of warning her by the servants of the defendant, and they were justified, too, in finding that the defendant's servants did not use proper means to warn the plaintiff, and were, therefore, guilty of negligence. Upon all the evidence, therefore, the plaintiff made out her case, because there could have been no question of contributory negligence on the facts shown.

We have examined the objections of the defendant taken to the rulings of the court in excluding certain questions asked by the defendant of the plaintiff's husband on his cross-examination. The facts sought to be brought out by those questions would have shown, of course, that the witness was interested in the result of the action; but no evidence was necessary to establish that fact, which clearly appeared, because he was the husband of the plaintiff. The objection to the complaint made by the witness in his own action, which was afterwards discontinued, was properly overruled. In the first place, the evidence was entirely immaterial, because there was no reason to believe that it would contradict anything Beyer testified to; and, in the second place, if it was proposed to contradict the witness by the contents of a written paper, the only proper way to do that was to produce that paper. Upon all the testimony we cannot say that the verdict was excessive. The jury might properly have found that Mrs. Beyer was seriously injured by inhaling the gas, and that she felt the effect of those injuries down to the time of the trial. In fact, on that question there was practically no dispute, and we cannot say that the jury erred in giving the amount which they did.

The judgment and order appealed from must be affirmed, with costs. All concur.