GERMAN-AMERICAN INSURANCE COMPANY OF NEW YORK, Respondent, *v.* THE STANDARD GAS LIGHT COMPANY OF THE CITY OF NEW YORK, Appellant.

*Insurance — fire caused by negligence — subrogation of the insurance company to the right of action of the insured — the action by the insurance company is not triable at Special Term — what is negligence in testing a gas pipe — agency of the workman.*

A fire insurance company, which pays a loss occasioned by the negligence of a third person, thereupon becomes subrogated to the insured's right to bring an action against the third person to recover the damages resulting from such negligence.

The fact that the insurance company obtained by subrogation its right to maintain the action does not change the character of the action and make it one triable at a Special Term.

A gas company which undertakes to make an additional connection on the premises of a consumer, whether for a direct compensation or for the indirect benefit that it would receive in consequence of the increased use of gas, assumes the obligation to provide a skilled workman to perform the work and to use in making the connection ordinary care and prudence commensurate with the

work to be done and the dangers arising from the situation and conditions surrounding it, and for a failure thus to carefully perform the work the gas company is liable for any injury sustained by the consumer therefrom.

Where the connection was made in a picture gallery, the walls of which were covered with pictures hung upon a cotton flannel substance, and the workman, after unsuccessfully trying to discover the whereabouts of a leak in the pipe by his sense of smell, passed a lighted match along the pipe with the result that the gas ignited at a point about two and one-half inches from the wall where there was a small leak made by a sandhole in the pipe, and the flame communicated to the cotton flannel on the wall, the question whether, considering the location of the pipe and the material that surrounded it, the workman was negligent in using a lighted match to look for the leak, is one of fact for the jury.

In such a case the workman is the agent of the gas company and not of the consumer.

APPEAL by the defendant, The Standard Gas Light Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of April, 1901, upon the decision of the court rendered after a trial at the New York Trial Term, a jury having been waived.

*Henry Thompson*, for the appellant.

*William D. Murray*, for the respondent.

INGRAHAM, J.:

The plaintiff, by the payment of a policy of insurance upon the property injured by fire, undoubtedly became subrogated to the rights of the insured as against the defendant, and it is to enforce an obligation of the defendant to the insured that this action is brought. To sustain the cause of action, therefore, it is evident that the plaintiff must show that the defendant was liable to the insured for the damages caused by this fire which originated upon his premises. The relation between the insured and the defendant was not that of bailor and bailee. There would seem to be no distinction between different degrees of negligence. When the defendant assumed the obligation to connect the gas pipe with the gas fixture upon the premises of the insured, whether it was understood to be for a direct compensation or for the indirect benefit that it would receive in consequence of the increased use of gas, it assumed the obligation to provide a skilled workman to do the work

and to use in making the connections the ordinary care and prudence that was required for doing the work that the defendant undertook to do ; and for a failure thus to carefully perform the work, which resulted in injury to the insured, the defendant was liable. This care that was imposed upon the defendant was one commensurate with the work to be done and the dangers arising from the situation and conditions surrounding it. What would be extreme carelessness in a building filled with gunpowder, or any other highly inflammable substance, would be prudent and careful in a vacant fireproof building where there was nothing to burn and nothing to be injured. Whether or not the defendant's workman did exercise the proper care under the existing circumstances was a question of fact to be determined from the evidence. The burden was on the plaintiff to show that such care was not exercised. The trial court has found that the "servant of the defendant, while engaged in doing such work and endeavoring to locate said leak, carelessly and negligently set fire to the premises occupied by Seiz and insured by the plaintiff and caused a damage of one thousand ($1,000) dollars ; " and if there is evidence to sustain that finding, the defendant is liable.

Seiz, the insured, was the proprietor of a picture gallery, the walls of which were covered with pictures. The wall was covered with a cotton flannel substance, and the pictures were hung upon this substance. Seiz wished to have a drop light placed upon his desk some distance from the wall, and to supply this with gas it was necessary to connect the gas pipe which came through the wall with a flexible pipe or tube. This gas pipe had a cap on it, and Seiz sent to the defendant company, who had been supplying him with gas, to have this flexible pipe or tube fixed to the gas pipe that came through the wall. The defendant sent one of its workmen to make the connection. There is no question but that this workman was a properly skilled man and was employed by the defendant to do that particular work. This workman testified that he was sent by the defendant to make a connection between a cap projecting from the wall and a student's lamp to be placed upon the desk ; that the desk was about six or seven feet from the wall; that there was an iron pipe to go a part of the distance, and the rest of it was to be a rubber tubing; that he went to the insured's premises, made the

measurements, got the pipe from the defendant's place of business and went back and connected it. This iron pipe that was put on was about four or five feet long and was connected with the gas pipe that came through the wall by an elbow or L. He took off the cap of the gas pipe, fixed upon it this iron pipe of four or five feet in length with the elbow or L, and went down to the gas meter to turn the gas on. He looked at the meter to see if there was any movement of the indicator to ascertain whether or not there was a leak, and, not seeing any, he went upstairs and examined the pipe to see if there was any odor of gas, and not discovering any, he went to another job. In about an hour and a half he returned with the tubing, when the wife of the insured complained that there was an odor of gas about the pipe. The man then examined the pipe that he had put up to discover whether there was any smell of gas, but could not detect any. He then lighted a match and ran it over the elbow and along the pipe, when the gas ignited at the elbow about two inches and a half from the wall, there having been a small leak in the elbow caused by a sand hole. The witness described this as a small aperture about as large as a head of a pin, and the flame as about two and a half inches long. This flame ignited the cotton flannel on the wall, the material being highly inflammable, and caused the fire which caused the damage.

The question was whether this act of the defendant's workman in using a lighted match to look for a leak in a gas pipe, within two and a half inches of a wall covered with this inflammable material, was negligence. The man had been distinctly informed that there was a smell of gas that had been noticeable since he took off the cap from the gas pipe and put on this iron pipe. The connection with the gas pipe was close to the wall, and the man must be charged with notice of the nature of the wall covering and the conditions that existed. It is a matter of common knowledge that material of this kind is highly inflammable, and if there was a leak in this gas pipe close to the wall there was danger of fire communicating to the material with which the wall was covered upon applying a match to the leak. Was it the act of a careful and prudent man, familiar with the work to be done under such conditions, to make this test for a leak in the gas pipe which was in close proximity to the wall, when it was apparent that if the leak was on the side of the

pipe towards the wall and he ignited it with a match, it would be apt to communicate the fire to the material on the wall? It was undoubtedly the ordinary method of ascertaining whether or not there was a leak in the gas pipe, but while it might have been entirely prudent to use a match to discover such leak where the gas pipe was in such a situation that a flame from the escaping gas would not communicate itself to the adjoining wall, it would seem that it was at least a question for the trial court to determine whether it was negligent to use a light in close proximity to the wall where, if there was a leak in the pipe and the gas escaping through that leak was ignited, it would communicate the fire to the adjoining wall. The situation that existed, the character of the covering of the wall, and the fact that the room was full of pictures, were to be considered in determining whether it was a prudent act to test the pipe in this way. The defendant's workman was informed of the fact that there was a leak. He was also informed that the tubing had not been interfered with at all since he left. He was bound to act upon the assumption that this information was correct. He tried to discover the position of the leak by the smell; but being unable to detect it, he selected the other test, which was that of running a lighted match over the pipe. Whether or not that was the act of a prudent man, considering the location of the pipe and the material that surrounded it, was, I think, a question of fact, and the finding that the defendant was negligent in that particular was sustained by the evidence.

In *Beyer* v. *Consolidated Gas Co.* (44 App. Div. 158) the employees of the gas company went to the house in which the plaintiff resided to remedy a defective flow of gas through the house, which involved shutting off the gas from the whole house while the obstruction was being removed. It was held that it was the duty of the men to use proper care to see that the occupants of the rooms had an opportunity to protect themselves against the result which follows from tampering with the flow of gas; that the care which was required of them for that purpose was commensurate with the danger which might result to an occupant of the room into which for any reason the gas might flow without being lighted; and it was held that whether the defendant's servants did use such care was a question of fact for the jury.

In *Lannen* v. *Albany Gas Light Co.* (44 N. Y. 459), where the defendant sent a workman to ascertain the location of and repair a leak in a gas pipe in the cellar of the building in which the plaintiff resided, and caused an explosion in the cellar, it was held that the question of the defendant's negligence was one for the jury. In that case the workman went into the cellar to locate a leak, and the injury was caused by his lighting a match in a room filled with gas. In that case the employee of the defendant, while engaged in doing a piece of work for a customer, to ascertain whether there was a leak, lighted a match and applied it to the pipe, and the escaped gas ignited and communicated the flame to the wall. The negligence in one case was in lighting a match in a cellar filled with gas. The negligence in this case was in applying a lighted match to a gas pipe in such close proximity to the wall that, if there was a leak, it would communicate the flame to the wall. It would seem to me that *Lannen* v. *Albany Gas Light Co.* is an authority which justified the finding of the court below that this fire was caused by the negligence of the defendant's employee. That the workman was the agent of the defendant and not of the insured, and that the defendant was responsible for his acts, seems to be established beyond dispute. (*Lannen* v. *Albany Gas Light Co., supra.*) The plaintiff was liable to the insured for the damages caused by the fire; and as the defendant was liable to the insured for the same damage because of the carelessness of its employee, that right of action against the defendant vested in the plaintiff by subrogation upon the payment of the insurance money.

The defendant also makes the point that, as the action was an equitable one, it should have been tried at Special Term, and not at Trial Term before the court and a jury. But although the trial took place at Trial Term, the parties by consent waived a jury, and the case was tried by the judge without a jury. The trial was, therefore, exactly the same as if tried at Special Term, and no right of the defendant was affected by the term at which the case was tried being called a Trial instead of a Special Term. The case having been tried before a judge without a jury, under the same conditions that would have existed if it had been tried at Special Term, it would be absurd to send the case back to be retried by the judge in exactly the same way that this case was tried. It is clear, however,

that the action was for negligence and properly triable before a jury. What the plaintiff was enforcing was a cause of action which existed in favor of the insured against the defendant for the damages sustained by the negligence of the defendant's employee. The fact that the insurance company had been subrogated to the right of action that had before existed in the insured, does not change the character of the action.

I think the judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.