Martin Schenck, J.
This is a motion to dismiss a complaint .under C'PLR 3211 (subd. [ia], par. 7) on the ground that it fails to state a canse of action. The complaint is detailed and specific. The question is not one of construing or interpreting the language of a complaint, but rather, whether it does set forth a cause of action.
The complaint contends (and the defendant does not deny) that during the midwinter of 1962 the defendant provided gas to fuel a stove, apparently the sole source of heat in an apartment rented by one King. The landlord of the defendant’s .customer was the plaintiff Myer Cramer. The plaintiff Oscar Onamer operated a store on the first floor of the building in which the King apartment constituted a portion of the second floor. Some sort of a dispute arose between the tenant King and the defendant power corporation, presumably concerning payment of a bill. Acting in accordance with the authority granted in section 15 of the Transportation Corporations Law the defendant corporation out off the supply of gas to the King apartment. There is no question but that defendant complied with requirements as to notice to King. There being no other source of heat in the apartment, the complaint alleges, the water pipes in the premises froze and burst damaging not .only the real property owned by the plaintiff Myer Cramer, but also, as the result of the released flow of water, merchandise *671 and other personal property in Oscar Cramer’s place of business on the first floor. The negligence of the defendant, the plaintiffs allege, was failure to notify one or both of them of the fact that gas service to the King apartment was being discontinued so that they would have had an opportunity either to turn off the water and drain the pipes or make arrangements with the defendant corporation to permit heat to be continued in that apartment.
This controversy has resulted in the submission of briefs containing extensive citations and discussions on the philosophy of negligence. There are numerous classic definitions of negligence. One of the most succinct definitions is quoted by Chief Judge Cardozo in Palsgraf v. Long Is. R. R. Co. (248 N. Y. 339) citing Vaughan v. Taff Vale Ry. Co. (5 H. & N. 679, 688): “ Negligence is the absence of care, according to the circumstances ”. It is true that the person allegedly negligent is not liable unless he acted in disregard of the rights of one to whom he owed a duty. (Parker v. Oswego Constr. Co., 80 Misc. 295; Fox v. Warner-Quinlan Asphalt Co., 204 N. Y. 240.) That duty, however, is certainly not based upon contract. It must be implied from all of the circumstances. Negligence may be predicated upon a duty to the individual complaining “ the observance of which would have averted or avoided the injury ’ ’ (Palsgraf, supra, p. 342).
In the case at hand, the power corporation certainly knew that by cutting off the heat to the King apartment the temperature would be reduced in accordance with the outside elements. As indicated, these events transpired in midwinter. It is a fact of physics, knowledge of which must be imputed to the defendant, that if the temperature goes low enough water will freeze. Therefore, the defendant must be deemed to have known that its action in stopping gas service to the King apartment in midwinter could result in the freezing of water pipes and resultant damages throughout the building. From simple observation through its transactions with its customer King, the defendant corporation should have been aware that there were other apartments or places of business in the building in question. It would have been a simple matter to have advised other tenants of its proposal to cut off the gas. I am not ruling as to the extent to which the corporation was under a duty to seek out an unavailable landlord. The place of business of the plaintiff Oscar Cramer, however, was apparently open to the public and was obviously subject to damage that might result from the freezing of pipes on the floor above. Defendant’s implied duty, therefore, was to advise the plaintiff Oscar *672 Cramer. The defendant might also have ascertained who the landlord was and thereby have advised the plaintiff Myer Cramer. Under the circumstances of this case, however, notice to Oscar Cramer would have discharged the defendant’s duty.
The defendant also raises the point of “ proximate canse ”. That, however, is a question for proof. It is, of course, incumbent upon the plaintiffs to establish all of the surrounding circumstances and to show the causal relationship between the alleged negligence of the defendant and the damage to the plaintiffs’ property. This is a matter for trial and not the subject of summary judgment.
In denying the motion to dismiss the complaint, of course, I am not passing upon the question of whether or not the plaintiffs can sustain their allegations. On the face of the complaint, however, the allegations are sufficient to state a cause of action. Motion for summary judgment denied. Costs to abide the event of trial.