461 P.2d 929

**EMPLOYERS CASUALTY COMPANY, a corporation, Plaintiff-Appellant,**

v.

**Vernah S. MOYSTON, dba Hobbs Gas Company, Defendant-Appellee.**

**No. 351.**

Court of Appeals of New Mexico.

Nov. 14, 1969.

J. W. Neal, C. Fincher Neal, Neal & Neal, Hobbs, for appellant.

R. E. Richards, Ray C. Cowan, Girand, Cowan & Richards, Hobbs, for appellee.

OPINION

WOOD, Judge.

The jury verdict for plaintiff found defendant negligent in failing to give adequate notice that gas service to the property had been cut off. The trial court entered judgment for defendant notwithstanding the verdict. Plaintiff appeals. In deciding whether the judgment notwithstanding the verdict is proper, we consider whether there is "neither evidence nor inference" from which the jury could determine that defendant was negligent. Chavira v. Carna-

han, 77 N.M. 467, 423 P.2d 988 (1967); Flanary v. Transport Trucking Stop, 78 N.M. 797, 438 P.2d 637 (Ct.App.1968).

Mrs. Welch left Hobbs for Oklahoma on November 19. Prior to leaving she detected no odor of escaping gas either at the meter or in the house. The gas appliances were working and in proper condition. She set the thermostat on the gas heater at 65° " * * * so that it would take care of any cold spell." Between her departure and return on the following January 8, there were at least thirteen days when the temperature was below freezing. Upon her return she found that water pipes had frozen and burst with resultant damage to her property. Plaintiff is the insurer of the property and is subrogated to the damage claim.

Sometime between Mrs. Welch's departure and the evening of November 19, vandals damaged the gas meter to Mrs. Welch's property. This damage was part of widespread vandalism to meters in the area; 80 to 100 meters were damaged. The meter for Mrs. Welch's gas was materially damaged and was replaced that night. Gas service was not restored upon replacement of the meter. It was not restored until Mrs. Welch's return.

Plaintiff has no basis to complain because the gas service was shut off. The undisputed evidence is that the meter was broken, gas was escaping into the air and that this was a dangerous condition. Upon receiving notice of this condition defendant was required to exercise due care and diligence to prevent the escape of gas, usually by either repairing the defect or shutting off the flow of gas. Beal v. Southern Union Gas Co., 66 N.M. 424, 349 P.2d 337, 84 A.L.R.2d 1269 (1960).

Plaintiff does not complain about the failure to restore gas service after the broken meter was replaced. Nobody was at home. The only way the gas service could have been restored would have been by breaking into the house. Defendant would have been negligent in turning the gas on without being able to get into the house

to see if there were open gas vents. Annot., 26 A.L.R.2d 136 (1952); compare Perez v. Miller, 80 N.M. 213, 453 P.2d 383 (Ct.App. 1969).

Plaintiff's contention is that defendant was negligent " * * * in not properly notifying the plaintiff [Mrs. Welch] that gas service was to be suspended during a period of time when the weather was subject to severe change; and that this was well known by the defendant."

There is evidence that defendant knew " * * * that people leave their gas on to protect their house from a freezing condition." The issue here concerns notice that gas service had been shut off.

In Washington Gas-Light Co. v. Aetna Casualty & Surety Co., 250 Md. 325, 242 A.2d 802 (1968) the company had been notified to transfer the account to a different name. Instead the company turned off the gas. Water pipes froze and burst. It was held that once the gas company " * * * receives actual knowledge of a transfer of ownership at a time when the termination of service might present an obvious danger of damage to the premises, it owes an absolute duty to clearly and unambiguously inform the customer of * * what action it intends to take. * * *"

Cramer v. Niagara Mohawk Power Corp., 45 Misc.2d 670, 257 N.Y.S.2d 380 (1965) held a cause of action was stated. The allegations were that in shutting off the gas in a second floor apartment, the company was negligent in failing to notify a first floor tenant so that the first floor tenant would have the opportunity to either drain the water or permit the heat to be continued. In so holding, it is stated that the first floor tenant " * * * was apparently open to the public and was obviously subject to damage that might result from the freezing of pipes on the floor above. * * *"

In Beyer v. Consolidated Gas Co., 44 App. Div. 158, 60 N.Y.S. 628 (1899) there was trouble with the gas flow. The company shut off the gas to fix the trouble. Plaintiff was taking a nap, with the gas burning.

Before shutting off the gas, the company's employee had knocked on the door to her room but had failed to arouse her. When the gas was turned on, plaintiff inhaled the gas. The court held there was a factual question as to whether the company was negligent in not using more efficient means to arouse plaintiff. " * * * [I]t was their duty to use proper care to see that occupants of the rooms had an opportunity to protect themselves against the results which follow from tampering with the flow of gas. * * * "

■ *Washington Gas-Light Co.,* supra, *Cramer,* supra, and *Beyer,* supra, establish that the gas company has a duty to notify its customer that it is shutting off the gas. We reject the view expressed in *Washington Gas-Light Co.,* supra, that this is an absolute duty. This duty, as expressed in a regulation of the Public Service Commission which was read into evidence, is a duty to give " * * * adequate notice to those who will be affected."

■ A failure to give adequate notice would be negligence. For defendant to have been negligent in failing to carry out this duty he " * * * must have failed to act as a reasonably prudent person in the exercise of ordinary care. 'Ordinary care' is a relative term; it depends upon the circumstances. * * * " White v. City of Lovington, 78 N.M. 628, 435 P.2d 1010 (Ct.App.1967); N.M. U.J.I. 12.2; see Cramer v. Niagara Mohawk Power Corp., supra; Beyer v. Consolidated Gas Co., supra.

What are the circumstances? In *Washington Gas-Light Co.,* supra, *Cramer,* supra, and *Beyer,* supra, the cause of the interruption in gas service was action taken by the company on its own initiative. Here, defendant was responding to a dangerous situation caused by vandals. After taking care of the danger by replacing the meter, defendant attempted to notify occupants of Mrs. Welch's premises of the interruption in service, but nobody was at home. Defendant then left a tag on the door. This tag gave notice that the gas meter had been worked on and the gas had been turned off. Mrs. Welch found this notice upon her return in January.

There is evidence that notice was given. The issue then is whether there is evidence or inference that this notice was inadequate. When Mrs. Welch left on November 19, she told only her attorney of her planned absence. She locked the house; she didn't leave a key with anyone. She didn't leave instructions with or request anyone to check on the house from time to time. Mrs. Welch testified that defendant "could have" gotten a key to the house from the Welch Furniture Store, but there is no evidence that defendant knew this. She also testified that she did not ask anyone at the store to check on the house.

Plaintiff asserts that after leaving the notice defendant never rechecked the house. This is incorrect. There is no evidence concerning "rechecking." (Defendant rested at the close of plaintiff's case). Even if we assume that defendant gave only the one notice that Mrs. Welch received, there is neither evidence nor inference from which a jury could determine the notice was inadequate. Defendant could have checked the house every hour during Mrs. Welch's absence and contacted no one. Defendant could have left a new tag daily and no one would have been informed that the gas was shut off.

■ In essence, plaintiff claims defendant was negligent because actual notice was not received. That cannot be the basis for negligence for there was no one to receive the notice. In *Washington Gas-Light Co.,* supra, *Cramer,* supra, and *Beyer,* supra, there was someone to receive notice, but no notice was given. Here, notice was given, but there was no one to receive it. Plaintiff would require defendant to use extraordinary care to see that notice was received. That is not the law. Defendant was required to act as a reasonably prudent person in the exercise of ordinary care.

Under the circumstances of this case, defendant was not negligent for failure to give an adequate notice. The judgment notwithstanding the verdict is affirmed.

It is so ordered

OMAN and HENDLEY, JJ., concur.