Harold Baer, J.
Plaintiffs move for an order granting summary judgment against the defendant Consolidated Edison Company of New York, Inc. on the first, second and third causes of action in the complaint and directing an assessment of damages. Defendant cross-moves for summary judgment dismissing the complaint and granting judgment to it on its counterclaim.
Plaintiffs, husband and wife, purchased a house in Bronx County, New York, on December 9, 1963. Defendant, Consolidated Edison Company of New York, Inc. a public utility, previously had installed at said premises gas and electric meters. Approximately two months after the title closing, the premises being unoccupied during such interval, plaintiffs were billed $189.92 by defendant for gas and electric. This billing precipitated a dispute. On or about June 11, 1964, and as a result of the continuing dispute on billings, defendant sent to plaintiffs a five-day notice pursuant to section 15 of the Transportation Corporations Law. Subsequent to such notice and on or about August 21, 1964, defendant’s attorney wrote to plaintiffs, “ you have repeatedly refused to permit its (defendant’s) representatives to discontinue service at these meters installed in the above premises. This is to advise you that unless the company is permitted to discontinue such service on or before the above mentioned date [Sept. 1, 1964], I will obtain a Court Order permitting me to remove said meters.”
Defendant contends that the afore-mentioned notices complied with subdivision 1 of section 15 of the Transportation Corporations Law. That defendant was entitled to remove its property between 8 o’clock in the forenoon and 6 o’clock in the afternoon but that access could not be gained at the premises. Subsequent *625 to the August 21, 1964 letter nothing further transpired to effect settlement of the dispute.
On or about December 2, 1964, while the premises allegedly continued unoccupied, defendant forcibly entered upon same, disconnected the gas and electric, and removed and carried away the gas and electric meters. In examining the affidavit of City Marshal, Peter Neglia, sworn to September 22, 1967, referred to in the affirmation herein of Ernest J. Williams subscribed to January 12, 1970, it is admitted that the lock to plaintiffs’ premises was picked to effect entry. Defendant utility, while admitting the above entry, asserts that such entry was accomplished with the aid of a City Marshal, pursuant to a mandate in the replevin action instituted by it.
Upon being apprised for the first time of the replevin, plaintiffs moved to set aside the replevin. The motion was granted by an order of the Civil Court, New York County dated December 8, 1966 (Consolidated Edison Co. of N. Y. v. Velardi, Index No. 24966/1966). The court determined that service of the summons, complaint and other papers was defective and that no jurisdiction was obtained. There was no appeal and no showing that plaintiffs received any other notice. Although the Transportation Corporations Law gave to the defendant utility the right of entry, the forcible entry was an abuse and constituted .said defendant a trespasser ab initio (Reed v. New York & Richmond Gas Co., 93 App. Div. 453). Also, see, Kerr v. Mount (28 N. Y. 658) where an attachment was set aside for irregularity, and the Court of Appeals held that such attachment afforded no protection to the party at whose instance it was issued.
Consolidated Edison points out that this court by decision dated November 17, 1967, dismissed the complaint against the defendant City Marshal on the ground that the Statute of Limitations was a bar to such claim as to him. This dismissal is of no aid to the defendant. “ The process being void, the party who set it in motion, and all persons aiding and assisting him, were prima facie trespassers. If, though void as respects the party, it were yet regular and apparently valid on its face, it might protect the officer against an action on the principle of Savacool v. Boughton (5 Wend. 170); but this protection, being extended to the officer, upon motives of policy, would not at all aid the party. Acts which the officer might justify, would be trespasses against the party. There is no principle with which I am acquainted, which can shield the defendant from the damages which the plaintiff has sustained, by his wrongful act in causing this property to be seized under a void warrant *626 of attachment ’ ’ (Kerr v. Mount, supra, p. 665; see Siegel v. Northern Blvd. & 80th St. Corp., 31 A D 2d 182).
The moment the replevin was set aside with consequent recognition of no jurisdiction by the court, the party at whose instance the replevin was issued became a trespasser ab initio (see Day v. Bach, 87 N. Y. 56, 61; also, see, Hatahley v. United States, 351 U. S. 173). The plaintiffs, in their first cause of action for trespass seek compensatory as well as punitive damages. Nowhere does defendant deny plaintiffs’ statement that the removal of the gas and electric meters, water being permitted to remain in the pipes, resulted in the eventual bursting of said pipes due to the expansion of .such water under cold temperature. Defendant must have known that the discontinuance of gas and electric service as a consequence of its trespass in December could result in the freezing of water pipes and resultant damages to the premises (Par-X Uniform Serv. Corp. v. Emigrant Ind. Sav. Bank, 268 App. Div. 699, 702; Cramer v. Niagara Mohawk Power Corp., 45 Misc 2d 670, 671).
The five-day notice pursuant to section 15 of the Transportation Corporations Law was sent by defendant Consolidated Edison on June 11, 1964. Some six weeks thereafter, and on or about August 21, 1964, said defendant by its attorney notified plaintiffs that a ‘ ‘ court order ’ ’ would be obtained permitting removal of the meters if the company was not permitted to discontinue its service. Three months thereafter, on December 2, 1964, forcible access to plaintiffs’ premises was obtained. As determined by the above-mentioned decision of the Civil Court, New York County, no jurisdiction was obtained over plaintiffs in the replevin action. Without passing on the merits of the continuing dispute as to the billing which resulted in Consolidated Edison’s removal of the meters and discontinuance of the services it should be noted that if there were errors in billing on the utility’s part, “ it would shock the sense of justice if [the utility] were to sit as a judge in its own case by cutting off the customer from his contract privileges ” (McEntee v. Kingston Water Co., 165 N. Y. 27, 32). This is not to imply any diminution of the utility’s rights under the Transportation Corporations Law, but, rather, should be interpreted as a warning of the danger of abuse by public utilities. “ The statute protects an electric or gas company against liability for trespass in entering the premises for a purpose comprehended by the statute, provided the right of entry is exercised peaceably and not by the act of breaking down a door or the commission *627 of some other breach of the peace ” (19 N. Y. Jur., Electricity, Gras and Steam, § 55).
The plaintiffs are granted summary judgment on their first cause of action and the compensatory damages will be assessed (Lomax v. New Broadcasting Co., 18 A D 2d 229, 230).
So much of the first cause of action as seeks punitive damages is dismissed. “ Plaintiffs are not entitled to punitive damages since no public right is involved and the underlying private wrong is susceptible of adequate compensation. (James v. Powell, 19 N Y 2d 249; Walker v. Sheldon, 10 N Y 2d 401.) ” (American Electronics v. Neptune Meter Co., 30 A D 2d 117, 119. Also, see, Huschle v. Battelle, N. Y. L. J., Feb. 27, 1970, p. 2, col. 3.)
Defendant’s cross motion to dismiss the plaintiffs’ second cause of action is granted. Plaintiffs’ second cause of action is in conversion and must be dismissed as plaintiffs had neither title nor right to possession of the property allegedly converted. ‘ ‘ In order to recover in an action in conversion, a plaintiff must establish, first, that he has title, or, second, that he has the right to possession, or, third, that he has some property in the chattel in question ” (Kaufman v. Simons Motor Sales Co., 261 N. Y. 146, 149). (Emphasis supplied.)
Plaintiffs in their fourth cause of action seek to recover the amount of $242.25 allegedly paid to defendant Consolidated Edison, under duress, which amount they claim was not due defendant. Defendant counterclaims that plaintiffs owe it $619.27. No proof is submitted by records or otherwise sufficient to warrant the granting of summary judgment on these issues. With respect to defendant’s counterclaim and plaintiffs’ fourth cause of action, it appears that this is a case where critical facts as to the billing and the correctness thereof are exclusively and peculiarly within the knowledge of one or the other of the parties. Under such circumstances, justice and proper procedure require denial of summary judgment as to these claims until full disclosure is obtained (see Overseas Tours & Travel Serv. v. Sarne Co., 17 A D 2d 578; CPLR 3212, subd. [f]).
Plaintiffs’ third cause of action is in reality an extension of the first cause of action for trespass and adds nothing to the pleading. This cause of action is dismissed.
Accordingly, plaintiffs’ first cause of action as to which summary judgment is granted shall be noticed for assessment of compensatory damages and severed from the remaining fourth cause of action and defendant’s counterclaim.