## Chase Wholesale Electric Inc. v. Parker Oil Company

*Laurence M. Levin,* for plaintiff.
*Thomas J. Nolan,* for defendant.

O'BRIEN, *J.,* December 30, 1986—

## I. FINDINGS OF FACT

1. Chase Wholesale Electric Inc. operated an electrical supplies distribution business in a building located at 9th and Phillip Streets in the Borough of Stroudsburg, Monroe County, Pa. from 1962 until December 1981.

2. The corporate stock of Chase Wholesale Electric Inc. was solely owned by a Gerald Fierman whose son Daniel Fierman was appointed manager of Chase in 1979, shortly after his graduation from college.

3. Daniel Fierman was inexperienced as a manager but understood that he was responsible to direct the operations of the business and maintain the building, including the heating system.

4. Parker Oil Company had supplied oil for the oil-fired hot water heating system utilized by Chase since Chase began operations in 1962. However, Daniel Fierman believed Chase could change oil suppliers at any time.

5. The frequency of oil deliveries were determined by Parker according to weather conditions and a Parker delivery man would request a key from Chase to unlock the shed to gain access to the oil storage tank.

6. In the middle of December 1980, James A. Borger, a Parker delivery man, entered the Chase building and requested the key to make a delivery of oil. Daniel Fierman, the manager of Chase, refused the delivery advising Borger that he would call when he wanted oil.

7. On or about December 27, 1980, the heating system in the Chase building froze due to a lack of oil to operate the system. As a consequence some of the water pipes broke causing water damage to office furnishings and the inventory stock of Chase.

8. Chase was paid the sum of $52,051.48 by its insurance carrier as compensation for the water damage suffered, which said sum was a reasonable and fair evaluation of the loss sustained by Chase.

## II. DISCUSSION

Plaintiff commenced this action against Parker Oil Company, its oil supplier and Pocono Plumbing and Heating Company Inc. who serviced plaintiff's heating system. Count I of the complaint sounded in trespass and sought damages, inter alia, for the failure of defendants to deliver oil in a timely fashion so as to keep the heating system operating. Count II of the complaint sounded in assumpsit and sought damages for a breach of warranty for proper repair and servicing of the heating system. The evidence at trial established that Parker Oil Company was the only defendant responsible for delivering oil and Pocono Plumbing and Heating Company Inc. was the only defendant responsible for repair and service of the heating system. Upon completion of the plaintiff's evidentiary presentation at trial, this court granted a compulsory nonsuit in favor of defendant Pocono Plumbing and Heating Company Inc. Therefore, the sole issue for resolution at this point in the proceedings is whether or not defendant Parker Oil Company breached a duty to plaintiff Chase Wholesale Electric Inc. by failing to keep the Chase heating system supplied with sufficient oil to keep the system operating.

Section 323 of the Restatement of Torts provides as follows:

"Negligent Performance of Undertaking to Render Services

One who undertakes, gratuitously or for consideration, to render services to another which he should

recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking."

Although there are no reported Pennsylvania cases holding a fuel supplier liable for a customer's propery damage resulting from a negligent failure to supply fuel, plaintiff's resourceful counsel has presented authority from other jurisdictions. In Cramer v. Niagra Mohawk Power Corp., 257 N.Y.S.2d 380, 45 Misc. 2d 670 (1965), the court found a duty on the part of a power company to notify a first-floor business tenant of its intent to cut off the power supplying heat to the second floor tenant's apartment. In Cramer, supra, the power company cut off the heat in the second-floor apartment causing the pipes in the second-floor apartment to freeze and burst sending water into the first-floor business premises. The power company moved to dismiss for failure to state a cause of action. The court found that a duty did exist of notification by the power company to the third party.

In Washington Gas Light Company v. Aetna Casualty and Surety Company, 250 M.D., 325, 242 A.2d 802, (1968), the court found a duty from a gas company to handle the transfer of a customer's account to a new occupant in such a manner as to present a freeze-up resulting in property damage. On the other hand, in Employer's Casualty Company v. Moyston, 461 P.2d 929, 80 N.M. 796 (1969), the court found that a gas company did not breach a duty to a customer who was unavailable to

receive notice of a break in service for necessary repairs. While all of these cases deal with public utilities, which generally have a higher degree of care to its customers, the analogy of the fuel supplier to the duty described in section 323 of the Restatement is appropriate.

Although plaintiff has clearly laid out the legal criteria upon which liability of defendant can be established, it falls short in its burden of proof because of one critical finding of fact. It was undisputed by the testimony of all parties at trial that plaintiff had no obligation to continue to purchase oil from defendant Parker but could choose to deal with other oil companies at any time. Therefore, once plaintiff, by its duly authorized agent, refused an oil delivery from Parker, there was no further duty on the part of Parker to monitor the oil supply at plaintiff's premises. Section 323 of the Restatement of Torts expressly contemplates that a duty to render services is terminated by the refusal to accept the offer of such services. We have carefully evaluated the testimony of three key witnesses at trial on this point and feel it appropriate to delineate a rationale in concluding that a refusal of an oil delivery did occur.

James A. Borger, a former employee of Parker Oil Company, and Richard Cramer, a former employee of Chase Wholesale Electric, both testified that Daniel Fierman refused an oil delivery offered by Parker approximately two weeks before the freeze-up in December 1980. Neither Borger nor Cramer are still employed by any of the participants to this litigation. Neither Borger nor Cramer have any interest whatsoever in the outcome of this litigation. Both Borger and Cramer gave independent slightly different versions of the refusal. Both Borger and

Cramer gave slightly different versions of the refusal during prior questionings in pretrial proceedings. It is not unusual for different parties witnessing the same event to differ in their versions of what occurred. Nor is it unusual for the same person questioned about the same event at differing times to vary his recall of that event. However, the essential element, the refusal of the delivery of oil, is constant throughout the testimony of both Borger and Cramer. On the other hand, Daniel Fierman, at the time of the refusal of the delivery of oil, was inexperienced in his duties and prone to exercise poor judgment, and was not persuasive at trial. We find the testimony of Borger and Cramer to be more credible than the testimony of Daniel Fierman.

## III. CONCLUSIONS OF LAW

1. Plaintiff's complaint does not allege nor has plaintiff proven at trial the existence of any contractual obligation on the part of Parker Oil Company to supply oil to Chase Wholesale Electric on or about December 27, 1980.

2. The duty of Parker Oil Company to supply oil to Chase Wholesale Electric terminated in the middle of December 1980 when a duly authorized agent of Chase Wholesale Electric refused an offer of an oil delivery by Parker Oil Company.

3. Plaintiff has failed to establish by a preponderance of the evidence the right to recover damages against defendant.

## VERDICT

And now, this December 30, 1986, the court finds in favor of defendant Parker Oil Company and against plaintiff Chase Wholesale Electric Inc.