## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. ANDERSON. (No. 1270.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 15, 1914. Rehearing Denied Nov. 19, 1914.)

1. MASTER AND SERVANT (§ 238*)—INJURY TO SERVANT — CONTRIBUTORY NEGLIGENCE — CUSTOM.

Under railroad rules that all main line switches in yards be set and locked for main track, proof that it was not customary for foreman operating a hand car to look at the target to see the position of the switch would not relieve him, approaching the switch and knowing that, if it was open, his car would be derailed, from the due exercise of ordinary care to ascertain whether it was open or closed, and his failure to look was negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 743–748; Dec. Dig. § 238.*]

2. APPEAL AND ERROR (§ 1047*)—MOTION TO STRIKE—PREJUDICIAL ERROR.

Where the record did not show but that the verdict might have been based entirely on incompetent testimony, the refusal to strike the testimony was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4132, 4133, 4146–4152; Dec. Dig. § 1047.*]

Appeal from District Court, Titus County; H. F. O'Neal, Judge.

Action by T. J. Anderson against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

This is the second time this case has been before this court. On the former appeal a judgment in favor of appellee was reversed, and judgment was here rendered that he take nothing by his suit, on the ground: First, that it appeared appellant had not been guilty of negligence as charged against it; and, second, that it appeared that appellee had been guilty of negligence which was a proximate cause of the injury he suffered. 124 S. W. 1002. The Supreme Court, having granted a writ of error, without directly determining whether the conclusion reached by this court that it appeared appellant had not been guilty of negligence was correct or not, affirmed the judgment rendered here, on the ground that it did appear that appellee was guilty of negligence as found by this court. 104 Tex. 340, 134 S. W. 1175. Afterwards that court, on a rehearing granted to appellee, set its judgment aside, and reversed the judgment rendered here, on the ground that there was testimony to support a finding that appellee was not guilty of contributory negligence. 104 Tex. 340, 138 S. W. 107. The nature of the case is fully stated in the opinions of this court and the Supreme Court which may be found in the volumes of the Southwestern Reporter cited above. The testimony in the record on this appeal does not appear to be materially different from the testimony in the record on the first appeal.

Rolston & Rolston, of Mt. Pleasant, Glass, Estes, King & Burford, of Texarkana, and E. B. Perkins and D. Upthegrove, both of Dallas, for appellant. B. Q. Evans and T. D. Starnes, both of Greenville, L. E. Keeney, of Texarkana, and Ward & Ward, of Mt. Pleasant, for appellee.

WILLSON, C. J. (after stating the facts as above). Of the 44 assignments in appellant's brief, we think none of those entitled to consideration presents a reason why the judgment should be reversed, unless it is the twentieth, twenty-first, or twenty-second, in which complaint is made of certain portions of the argument of appellee's counsel to the jury, the twenty-fourth, in which complaint is made of a side bar remark made by said counsel in the presence of the jury, the twenty-fifth or thirty-eighth, in which complaint is made of the conduct of said counsel in propounding certain questions to witnesses, the fortieth, in which complaint is made of the conduct of the officer in charge of the jury, who, it is claimed, communicated to them while they were deliberating as to their verdict certain matters prejudicial to appellant's rights, or the tenth, in which complaint is made of the action of the court in refusing to strike out and exclude from

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

consideration by the jury certain testimony of the witness Huff. As the assignment last specified will be sustained, and the judgment reversed for the error of the court in refusing to exclude the testimony referred to, we will not undertake to determine whether the other assignments specified, or any of them, should be sustained or not, but will assume that on another trial the rules intended to insure the fair and orderly trial of cases will be carefully observed, and that the questions made by those assignments will not again arise.

At the time he was injured appellee was the foreman of a fencing gang, and was operating a hand car over appellant's main line track within the yard limits of its depot in North Ft. Worth. As a result of its running into an open switch, the car was derailed, whereby appellee and other men on it were thrown to the ground. The target on the switch stand was there for the purpose of indicating to appellee and others operating cars and engines on the track whether the switch was open or closed. It was without defect of any character, and plainly indicated that the switch was open. Had he looked toward it as he approached the switch, appellee could have seen the target at any time after he got within 300 yards of it, and had he seen it he would have known from its position that the switch was open. Had he discovered that the switch was open at any time before he got within 30 feet of it, he could have stopped the car, and so have avoided the accident. He testified that he did not look at the target as he approached the switch, and sought to excuse his failure to do so on the ground, among others, that, because of certain rules promulgated by appellant, he had a right to assume, and did, without looking at the target, that the switch was closed. The rules referred to, so far as it is necessary to state them, were as follows:

"All main line switches in yards must invariably be set and locked for main track."

"When a main track switch is set for a train, the person attending such switch must go to a point on the opposite side of the track at least 15 feet from such switch stand and remain there until the train has passed over the switch."

On the first trial of the case appellant contended that it appeared that other rules, and not those set out above, applied to the situation presented to appellee, but the Supreme Court held the testimony authorized a finding to the contrary, a finding that appellee was justified in assuming from the absence of any one near the switch that it was closed, and a finding that appellee therefore was not guilty of negligence in failing to look at the target. Had appellee on the last trial been content to rely upon the testimony the Supreme Court thought was sufficient to support a finding that he was without fault, the question made by the tenth assignment would not have arisen on this appeal. It seems, however, he was unwilling to rely on that testimony, and, as is shown by the bill of exceptions reserving that question, proved by his witness Huff that it was not customary, and had never been the custom, for a man operating a hand car to look to the target to see the position of the switch. This testimony was admitted without objection on the part of appellant, but it afterwards moved to exclude same on the ground that "it was," quoting from the bill, "wholly irrelevant and immaterial, because a custom cannot excuse Anderson from performing his duty, unless that custom is known to the railway company and has been agreed to by it; on the further ground that the testimony invades the province of the jury and is giving an opinion on a mixed question of law and fact, whether or not it was Anderson's duty to look at the switch target, whether it was customary or not."

[1, 2] Had the testimony been objected to when it was offered, it is clear, we think, it should have been rejected; for the existence of such a custom would not have relieved appellee of the duty resting on him to use ordinary care as the hand car approached the switch to ascertain whether it was closed or not. Knowing, as he did, that the car was approaching the switch, and knowing, as he did, that if the switch was open when the car reached it, the car would be derailed, appellee, we think, would have been guilty of negligence, as a matter of law, notwithstanding such a custom, if, not being excused from doing so on the grounds pointed out by the Supreme Court, he neglected to look to the target to see whether the switch was closed or not. He had no right, because of such a custom alone, to shut his eyes to a situation made obvious to him by the position of the target. Yet, for aught we can determine to the contrary from the record before us, the finding of the jury in his favor may have been based entirely on the custom shown to exist by the testimony in question. They may have believed the rule requiring one of appellant's employés to be near the switch while it was open had no application to the situation presented to appellee, and therefore that he had no right to assume from the absence of any one near it that it was closed, and yet have believed he was free from fault in not looking to the target to ascertain the position of the switch, because of the custom of men operating hand cars not to look to it.

Ordinarily in objection to testimony urged for the first time in a motion to exclude it is not entitled to favorable consideration it might deserve if made at the time the testimony was offered. Appellee insists this rule should be applied and the assignment overruled. But we do not agree that the discretion conferred upon the trial judge with reference to the exclusion of improper testimony admitted without objection was rightly exercised, and are of opinion that his

action in refusing to strike out the testimony, in view of the case made by the record, was error requiring the judgment to be set aside. Accordingly the judgment will be reversed and the cause will be remanded for a new trial.