451 P.2d 1006

**Anne I. STEWART, Plaintiff-Appellee,**

v.

**Charles H. BARNES and State Farm Mutual Automobile Insurance Co., Defendants-Appellants.**

**No. 218.**

Court of Appeals of New Mexico.

Feb. 28, 1969.

Eugene E. Klecan, Albuquerque, for defendants-appellants.

Sumner S. Koch, White, Gilbert, Koch & Kelly, Santa Fe, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

Plaintiff was injured when the car in which she was a passenger was struck in the rear by an automobile operated by the defendant. The issues were tried to the court without a jury and judgment was rendered in favor of plaintiff. By appeal defendant has challenged the sufficiency of the evidence to support the findings of negligence as to him. He has likewise asserted that the trial court erred in not finding, as he had requested, that the plaintiff assumed the risk of injury or was guilty of contributory negligence.

It is fundamental that if there is substantial evidence in the record to support a finding we are bound thereby. It is also fundamental that in deciding whether a finding has substantial support we must view the evidence in the most favorable light to support the finding and we will reverse only if convinced that the findings thus viewed, together with all reasonable inferences to be drawn therefrom, cannot be sustained by the evidence. Further, only that evidence and the inferences to be drawn therefrom which support the findings will be considered, and any evidence unfavorable to the findings will not be considered. Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct.App.1968); Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App.1967).

It appears from the record that the accident occurred about 11:00 o'clock A.M. on a clear, sunny day, in the right traffic lane of a two-lane highway which accommodates only southbound traffic. The traffic at the time, with the exception of

sporadic spurts, was light. Mrs. Romero, the driver of the vehicle, was proceeding in a southerly direction. She had four passengers, including plaintiff. Upon reaching the area of the San Mateo exit ramp the engine of the car failed to function, forcing the vehicle to a stop in the right-hand traffic lane south of the exit ramp. At this point the car was located about three or four feet to the right of the white line dividing the two southbound lanes.

The Romero car remained where it had stopped upon the highway for approximately ten minutes prior to the collision, the passengers remaining inside the vehicle while Mrs. Romero undertook to start the engine. During the period which elapsed a number of cars utilized the left-hand traffic lane and passed the Romero car.

As the defendant approached the place of collision he was occupying the right-hand traffic lane. Upon reaching the area of the San Mateo exit ramp he passed a car which was turning off the highway on the exit lane and thereafter collided with the Romero car, injuring the plaintiff.

The trial court found defendant negligent in several respects, among which was a finding that defendant had failed to keep a proper lookout. It is principally upon the question of proper lookout that defendant challenges the findings. He contends that he was not guilty of negligence and the finding lacks support in that it is established by the record that there were certain obstructions which prevented his seeing the Romero vehicle in time to avoid the collision. The obstructions he says consisted of a general uprise in the highway beginning some three-fourths of a mile north of the exit ramp and also the car which he was following and which eventually veered into the exit lane prevented his seeing the Romero car. The record, in our opinion, supports the contrary conclusion.

It appears from the testimony that the highway upon which defendant was traveling as he approached the point of the collision is a "straight, level roadway," and a vehicle in the area of the collision would be clearly visible for at least four-tenths of a mile to one approaching from the north (the direction in which the defendant was traveling).

With respect to defendant's view of the Romero car prior to the collision he gave the following testimony:

"Q. And, you had a perfect view to the south of you as you approached the San Mateo exit, did you not?

A. Yes, I guess.

Q. And, there were no obstructions to vision were there?

A. No. Not until I got past the bridge, then I had a car in front of me.

Q. And, what car was that, the car that you struck?

A. Yes."

The officer who had investigated the accident testified in substance that from a point three-fourths of a mile north of the San Mateo exit there is a gradual uprise in the road. He said:

"* * * from a point just about where the exit to go down onto San Mateo comes off the freeway, it is level to that. Beyond the—beyond this or further north, there is an elevation, somewhat of an elevation, trivial, so trivial, we didn't take it into consideration."

The further contention that defendant's vision was impaired by the fact that he was following a vehicle which eventually veered onto the exit lane likewise does not appear to us to be sustainable. One of the persons in the exiting vehicle testified that defendant, upon passing their car, pulled into or partially in the traffic lane next to the median (which is the lane to the left of the one occupied by the Romero car). Defendant then turned to the right and into the right lane where the collision occurred.

Defendant seeks support for his position from Gutierrez v. Koury, 57 N.M. 741,

263 P.2d 557 (1953); and Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962). These cases in our opinion do not support defendant's position. The circumstances in *Gutierrez* are substantially different from those present here. *Horrocks,* to our mind, would tend to support plaintiff's position.

In our opinion the finding that defendant was negligent in failing to keep a proper lookout has substantial support in the record.

Defendant further contends, as we have stated, that the trial court erred in not sustaining the defense of voluntary assumption of risk or contributory negligence and in declining to conclude that plaintiff was barred from recovery. These defenses both appear to be based upon the fact that plaintiff remained in the Romero car after it had come to a stop upon the highway, although she could have removed herself and avoided the injury which resulted from the collision.

■■■ The defense of assumption of risk and that of contributory negligence, although closely related, are distinguishable. Assumption of risk involves the voluntary incurring of a known danger and implies intentional willingness to assume danger. Gray v. E. J. Longyear Company, 78 N.M. 161, 429 P.2d 359 (1967).

■■■ Contributory negligence often involves the inquiry as to whether the conduct of the plaintiff falls below that of a reasonably prudent man in the protection of himself and is a contributing cause to the injury; it implies, of course, the omission of a duty and excludes the idea of willfulness. Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765 (1952); Thayer v. Denver & Rio Grande R. R. Co., 21 N.M. 330, 154 P. 691 (1916).

■■■ The defense of assumption of risk presents an issue of fact for determination by the trier of facts except where the evidence will support but one legitimate inference, then it becomes a question of law. Deshazer v. Tompkins, 89 Idaho 347,

404 P.2d 604 (1965); Maytnier v. Rush, 80 Ill.App.2d 336, 225 N.E.2d 83 (1967); Clark v. Worrall, 146 Mont. 374, 406 P.2d 822 (1965).

It appears to us that certain disputed questions of fact relating to assumption of risk are present. These disputed questions of fact include (1) whether remaining in the car upon the highway under the circumstances was dangerous, (2) whether the danger, if it existed, was known to plaintiff or if not whether it was obvious, and (3) whether plaintiff voluntarily exposed herself to the danger and was injured thereby.

The necessity to resolve these factual questions precludes our treating the issue as one of law.

■■■ The trial court not only declined to sustain the defense of assumption of risk but expressly concluded "plaintiff did not assume the risk of the accident which occurred." This conclusion is sustainable in particular upon the following testimony of the platintiff:

"Q. All right. Now, you knew there was a level shoulder off to your right, there, didn't you?

A. Yes.

Q. All right. Did you consider that that was a dangerous place where you were stopped?

A. I didn't think we would be there long enough for it to be dangerous. The cars was [sic] passing us on the left. There was a full lane there."

■■■ Ordinarily, contributory negligence is a question of fact for the trier of facts and not one of law. Lujan v. Reed, 78 N.M. 556, 434 P.2d 378 (1967); Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966). The question of contributory negligence properly becomes one of law only when reasonable minds cannot differ on the question and readily reach the conclusion that plaintiff's conduct falls below the standard to which he should have conformed for his own protection and that plaintiff's negligent conduct prox-

imately contributed with that of defendant in causing the injury. Mozert v. Noeding, supra.

█ The Romero car, being disabled, came to a stop in broad daylight, on a straight, level, two-lane roadway which accommodated only one-way traffic and at a time when traffic was light. There was an entire traffic lane to the left of the Romero car upon which approaching vehicles could safely pass. The Romero car was also plainly visible to approaching vehicles for at least four-tenths of a mile.

We hold that whether the probability of danger under these circumstances was such as to impose upon plaintiff a duty of leaving the car for her protection presented a fact issue for determination by the trial court. We cannot say that plaintiff was guilty of contributory negligence as a matter of law nor that the court erred in declining to find plaintiff contributorily negligent.

In our opinion the findings and judgment are supported by substantial evidence and we find no error in the refusal of the court to find either that plaintiff assumed the risk of injury or was guilty of contributory negligence, consequently the judgment is affirmed.

It is so ordered.

OMAN, J., and JOHN B. McMANUS, Jr., District Judge, concur.