452 P.2d 692

Betty Jean **WOOD**, Administratrix of the Estate of Ronald Wesley Wood, Deceased, Plaintiff-Appellant,

·v.

**SOUTHWESTERN PUBLIC SERVICE COMPANY and White's City, Inc.,** Defendants-Appellees.

No. 263.

Court of Appeals of New Mexico.

March 21, 1969.

C. N. Morris, Carlsbad, for appellant.

Harold L. Hensley, Jr., Hinkle, Bondurant & Christy, Roswell, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., Jay W. Forbes, McCormick, Lusk, Paine & Feezer, Carlsbad, for appellees.

## OPINION

WOOD, Judge.

Ronald Wesley Wood died as a result of an electrical shock. He received the shock when a metal pole he was holding came into contact with a high voltage electrical line. His administratrix sued for his wrongful death. At the close of plaintiff's case, the trial court directed a verdict in favor of defendants. The trial court ruled that decedent was contributorily negligent as a matter of law. The issue, here, is the correctness of this ruling.

Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966) states:

"Ordinarily, the question of contributory negligence is a fact question to be determined by the jury. * * * The question of contributory negligence is properly taken from the jury only when reasonable minds cannot differ on the question and readily reach the conclusion that plaintiff's conduct falls below the standard to which he should have conformed for his own protection, and that this negligent conduct on his part proximately contributed with the negligence of the defendant in causing the injury. * * *"

Compare Stephens v. Dulaney, 78 N.M. 53, 428 P.2d 27 (1967) and cases therein cited.

Decedent was contributorily negligent if negligence on his part proximately contributed to cause his death. See Lujan

v. Reed, 78 N.M. 556, 434 P.2d 378 (1967); N.M. Uniform Jury Instructions, No. 13.1.

N.M. Uniform Jury Instructions, No. 12.1, states in part:

"An act to be negligent must be one which a reasonably prudent person would foresee as involving an unreasonable risk of injury to himself or to another and which such a person in the exercise of ordinary care would not do."

See Lujan v. Reed, supra.

■ In measuring decedent's acts against this standard, we view the evidence in the light most favorable to the party resisting the motion for a directed verdict. Accordingly, we indulge every inference in support of the claim asserted by the administratrix and ignore conflicts in the evidence unfavorable to the administratrix. Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967); Nichols v. Texico Conference Ass'n of Seventh Day Adventists, 78 N.M. 787, 438 P.2d 531 (Ct. App.1968). We review the evidence in the light of these rules.

Decedent, sixteen years old, had completed his sophomore year of high school with average grades. He obtained employment with White's City, Inc., working a split shift. To avoid four trips a day to and from work, he moved into a trailer at White's City. The trailer had been in position beneath the high voltage line more than one and one-half years before decedent moved in.

Decedent had lived at the trailer from seven to ten days before the accident occurred. Throughout this time the high voltage line was "open and obvious and plainly visible."

About 9 or 10 o'clock at night, decedent, with a friend, went to the trailer to install a television antenna. They turned on the lights of two cars in order to see. They raised the metal pole of the antenna; the pole was twenty-eight feet long. The pole came into contact with the high voltage line.

There were no warning signs attached to the line nor to the poles supporting the line. There is no evidence that decedent was specifically warned about the high voltage line or dangers in connection with it. Decedent had no technical knowledge of electricity. However, both decedent and his friend knew that if they stuck a metal object against an electrical line, they would be shocked.

The friend stated: "* * *, 'We knew there was some overhead power lines, but in the dark, we couldn't judge the height. * * *'"

He also stated: "* * *, 'We were seeing if the pole would clear the lines.'"

The friend testified that although he knew of the line, it never made any impression on him. He testified that he wouldn't have attempted to put up the antenna if he had any idea there was danger in connection with it.

Even though decedent had not been warned about the line, he knew the line was there. Even though he had no technical knowledge of electricity, he knew that if he placed a metal pole against an electric wire he would receive a shock. He is therefore held to know that if he placed a metal pole against the particular line involved here he could get a shock.

■■ With this knowledge, decedent was negligent when he placed the metal antenna pole in contact with the line. However, there is an inference that decedent never considered whether this particular line was dangerous. Does this inference raise a fact issue as to his negligence? No. Decedent's conduct is judged by the standard of what a reasonably prudent person would have done under the circumstances. When he raised the metal pole toward the line, he was required to anticipate what a reasonably prudent person would have anticipated. A reasonably prudent person would have anticipated the danger of making contact with the line. Caraglio v. Frontier Power Co., 192 F.2d 175 (10th Cir. 1951); compare Boyce v. Brewington, 49 N.M. 107, 158 P.2d 124, 163 A.L.R. 583

(1945); Southern Maryland Electric Co-op. v. Blanchard, 239 Md. 481, 212 A.2d 301 (1965).

Plaintiff asserts that a conclusion of decedent's contributory negligence is contrary to the result reached in Crespin v. Albuquerque Gas & Electric Co., 39 N.M. 473, 50 P.2d 259 (1935). Crespin was injured when he took hold of an electric wire. He testified he had been told that the current had been turned off. In holding there was a factual issue as to his contributory negligence, it was stated:

" * * * It is a well-recognized rule that one who voluntarily puts himself in contact with a live wire after he has had time to think, knowing it to be charged with a dangerous current, is guilty of contributory negligence. * * *"

Plaintiff contends that decedent could not be contributorily negligent unless decedent knew the line involved here was charged with a dangerous current and, with that knowledge, placed the antenna pole into contact with the line. Her argument appears to be that decedent did not know current was passing through the particular line involved here. Under this view, a plaintiff could not be contributorily negligent in a case involving an electrical shock unless the plaintiff knew that current was passing through the item with which he came into contact.

Plaintiff takes too narrow a view. Contributory negligence is determined by what a reasonably prudent person would have done in the existing circumstances. A circumstance to be considered in *Crespin* was his knowledge of whether the current had been turned off. The above quoted statement from *Crespin* is no more than an application of the standard by which contributory negligence is measured to the particular facts of that case.

Here, there was no claim and no evidence that decedent thought the line was not carrying an electrical current. This, however, does not bar the conclusion that decedent's conduct, under the circumstances, was not the conduct of a reasonably prudent person. Decedent was contributorily negligent as a matter of law.

The ruling of the trial court is affirmed. It is so ordered.

OMAN and HENDLEY, JJ., concur.