453 P.2d 383

**Tony PEREZ, Plaintiff-Appellant,**

v.

**William T. MILLER, d/b/a Millers Auto Land, Defendant-Appellee.**

**No. 267.**

Court of Appeals of New Mexico.

March 28, 1969.

Eliu E. Romero, Taos, Frank Bachicha, Jr., Bachicha & Corlett, Santa Fe, for appellant.

Richard S. Morris, Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for appellee.

## OPINION

WOOD, Judge.

We are concerned with two gas valves, each of which had two outlets, and with plaintiff's failure to discover that one of the outlets on the second valve was uncapped.

Plaintiff sued for injuries suffered in a gas explosion. The trial court entered summary judgment for defendant. We assume there is a factual issue as to defendant's negligence. The question is whether, under the rules recently restated in Wischart v. Mt. States Tel. & Tel. Co. (Ct. App.), 453 P.2d 771, decided March 14, 1969, there is any material issue as to plaintiff's contributory negligence.

Plaintiff, an employee of Washam Gas Company, was licensed by the Liquified Petroleum Commission as an "installer". He was in charge of removing old heaters and installing new heaters on defendant's premises.

Two to three weeks prior to installing the new heaters, plaintiff inspected the propane gas system on defendant's premises. As part of this inspection he obtained the key to a locked storage room and checked " * * * to see that nothing was left open and see whether the heater [in the storage room] was hooked up all right. * * *" " * * *, I was interested to see that it was hooked up, that is all I was interested in." He could see the gas line running into the heater, but didn't know whether the heater was in service. " * *, I was just checking to see that everything was hooked up because generally—when you go to work you try to get it up to date on what there is in there more or less."

Plaintiff installed one of the new heaters by connecting it to one of the outlets of a valve in the existing gas line. The other outlet was already connected to a line leading to the storage room. This first valve controlled the gas supply to both the new heater and to the storage room. This valve was off at the time plaintiff installed the new heater.

After connecting the new heater, plaintiff turned the valve on and checked for leaks. After testing for about five minutes, he noticed gas odors. Not finding any leak, he decided to check the storage room. He turned off the first valve, obtained the key, went into the storage room, moved "boxes and stuff" and discovered the second valve. The line from this first

valve led into this second valve. One of the second valve's outlets was connected to the line leading into the storage room heater. The second outlet of this second valve was open and gas had been escaping from this opening.

Plaintiff capped this outlet. As he was leaving the storage room a refrigerator or freezer "kicked on" and the explosion followed.

We are not concerned with cases involving a gas company's duty to inspect service lines when it turns on the gas supply at its meter. See Annot., 26 A.L.R.2d 136, 169 (1952). Here gas was supplied to the premises, but the line into the storage room was shut off. Our concern is with plaintiff's conduct in turning on the gas supply to the storage room while testing his installation of a new heater on another part of the premises.

■ Plaintiff was contributorily negligent if he failed to exercise the care of a reasonably prudent person under the existing circumstances. Compare Wood v. Southwestern Public Service Co. (Ct.App.), 452 P.2d 692, decided March 21, 1969. Here the circumstances involved turning on a supply of propane gas—a commodity that is dangerous if allowed to escape. See Reeder v. Western Gas & Power Co., 42 Wash.2d 542, 256 P.2d 825 (1953).

Plaintiff turned on the gas supply in testing the new heater installed by him. He turned on the gas supply by opening the first valve. He knew this valve supplied gas to the storage room. Under the circumstances here (testing his own work) he had a duty to inspect for open outlets or defects in the line before turning on the gas supply to the storage room. See Lewis v. Bjornestad, 111 Cal.App.2d 409, 244 P.2d 497 (1952); Fonda v. Northwestern Public Service Co., 134 Neb. 430, 278 N.W. 836 (1938); compare Sawyer v. Southern California Gas Co., 206 Cal. 366, 274 P. 544 (1929).

Plaintiff did not inspect the line into the storage room immediately prior to turning on the gas supply. He did inspect some two to three weeks prior to the installation. In making this inspection, he was required to exercise ordinary care. Fonda v. Northwestern Public Service Co., 138 Neb. 262, 292 N.W. 712, 8 NCCA (NS) 396 (1940). He did not exercise ordinary care in looking only to see if the gas pipe was connected to the storage room heater. When he went into the storage room to check, he was negligent in not looking behind the "boxes and stuff" and in failing to discover the second valve with its uncapped outlet. Kent v. Baton Rouge Electric Co., 154 La. 142, 97 So. 344 (1923).

There being no material issue as to plaintiff's contributory negligence, the summary judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.