550 P.2d 284

**Floyd WERNER, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, Bill Moya and Public Service Company of New Mexico, Defendants-Appellees,**

v.

**TITAN ELECTRIC SERVICE CORPORATION, INC., Defendant-Appellee.**

**No. 1994.**

Court of Appeals of New Mexico.

April 27, 1976.

Rehearing Denied May 10, 1976.

Lorenzo A. Chavez, Robert G. Wines, Albuquerque, for plaintiff-appellant.

Paul L. Butt, Shaffer, Butt, Jones & Thornton, Albuquerque, for defendants-appellees City of Albuquerque and Bill Moya.

Ranne B. Miller, James B. Collins, Keleher & McLeod, Albuquerque, for appellee Public Service Company of N.M.

Peter G. Prina, Kenneth R. Brandt, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendant-appellee. Titan Electric Service Corp., Inc.

## OPINION

SUTIN, Judge.

Plaintiff, licensed as a journeyman electrician, was called by the City of Albuquerque to correct electrical problems at the Los Altos Golf Course, where the lights were off in the main room. Plaintiff, using a "pigtail" bulb and socket, attempted to test the voltage. An explosion occurred and plaintiff was injured. Summary judgment was granted defendants. Plaintiff appeals. We affirm.

Summary judgment was granted defendants as follows:

(A) *City of Albuquerque and Bill Moya*

The trial court found:

(1) At the time of the accident, plaintiff was a licensed electrician, and had been an electrician for approximately fifteen years.

(2) Plaintiff knew that the proper method for testing high voltage was by use of a "Wiggins" tester, and plaintiff owned one.

(3) Plaintiff knew that using a "pigtail" light bulb and socket to test voltage over 110 volts was dangerous, but he used it anyway.

(4) Plaintiff was contributorily negligent as a matter of law.

(B) *Titan Electric Service Corporation, Inc. (Titan) and Public Service Company of New Mexico (P.S.C.)*

The trial court found that there was no genuine issue of material fact and defendants were entitled to judgment as a matter of law.

(C) *Plaintiff's Issues Raised on Appeal*

(1) The question of contributory negligence is for the jury.

(2) Contributory negligence is not a defense when negligence complained of is the violation of a safety statute, regulation or ordinance.

(D) *Plaintiff was contributorily negligent as a matter of law*

(1) *Facts Most Favorable to Plaintiff*

On July 7, 1973, there was an overload on the electrical system at the Los Altos Golf Course owned and operated by the City of Albuquerque. This caused a fuse to blow. Bill Moya, golf pro, called plaintiff early in the evening and told him that he had electrical problems; he said that the lights were off in the main room of the building, and that he needed them repaired immediately. Plaintiff said he would see if he could quickly isolate the problem. About 7:15 p. m., plaintiff drove to the golf course with a tool pouch and a "pigtail". A "pigtail" is a tiny bulb with two test wires with metal tips used for making electrical contact with the circuit element being checked. It is used to test a wall plug, a 110 volt circuit. The "Wiggins", a trade name, is the safe instrument utilized to test high voltage such as 480 volts. Plaintiff testified by deposition that he used a "Wiggins", but on reflection, admitted he used a "pigtail".

The fuse box was part of a 480 volt, three phase system, which had been installed by Titan on the building a week or two before the accident.

On the box was a manufacturer's label which gave the voltage and the amperage phase. The voltage, however, can also be determined in other ways such as, (1) *the size of the fuse box*, and (2) *the size of the fuse*.

An electrician knows that if a "pigtail" is used to test high voltage, it would cause an explosion because 480 volts flow across a little neon light.

Titan's work was not completed at the time of the accident. For this reason a high voltage sticker had not been put on the box. Titan placed the voltage sticker on the box at the end of the job, not as a warning to experienced electricians, but to serve as notice to the public.

Plaintiff owned a "Wiggins" but did not bring it with him to the golf course building. He had used the "Wiggins" for about fifteen years. When he arrived at the location, although it was dusk, he left his flashlight in the truck. Moya took plaintiff to one box, and plaintiff looked at it. Plaintiff was not sure whether he tested this box. It was light enough to see the fuses, but he could not tell what type of fuse it was. Plaintiff assumed the voltage was 110–220 unless it was marked otherwise. He assumed this because he thought Moya, since he was sure of which box to examine, was familiar with the power and the equipment. Plaintiff asserts he knew of no way to tell the voltage unless there was a marking on the box itself.

Moya next took plaintiff to the box in question. Plaintiff looked casually at the box, and saw the manufacturer's lable on the outside of the box. When Moya opened the door of the box, plaintiff saw large fuses. He did not turn the voltage off. He was not familiar with this box. He thought most boxes were designed so that when the door is opened the power is shut off. Despite his knowledge that it was dangerous to test high voltage with a "pigtail" and with the switch on, he checked the voltage, causing the explosion.

## (2) *Facts support conclusion on contributory negligence*

■ The record is clear that plaintiff was contributorily negligent as a matter of law. There was no genuine issue as to this material fact. *Morris v. Uhl & Lopez Engineers, Inc.,* 468 F.2d 58 (10th Cir. 1972); *Wood v. Southwestern Public Service Company,* 80 N.M. 164, 452 P.2d 692 (Ct.App.1969); *Watson v. Virginia*

*Elec. and Power Co.,* 199 Va. 570, 100 S. E.2d 774, 69 A.L.R.2d 1 (1957); *Boshar v. Massachusetts Electric Company,* 352 Mass. 783, 227 N.E.2d 520 (1967); *Gibbs v. Carolina Power & Light Company,* 268 N.C. 186, 150 S.E.2d 207 (1966); *Perez v. Miller,* 80 N.M. 213, 453 P.2d 383 (Ct. App.1969); *Giese v. Mountain States Telephone & Telegraph Co.,* 71 N.M. 70, 376 P.2d 24 (1962); *Perry v. Color Tile of New Mexico,* 81 N.M. 143, 464 P.2d 562 (Ct.App.1970); *Brazell v. Save-On Drug, Inc.,* 79 N.M. 716, 449 P.2d 86 (Ct.App. 1968).

(E) *Contributory negligence is a defense when negligence complained of is a violation of statute, regulation or ordinance*

Plaintiff claims that the fuse box was not properly marked with a warning label in violation of Chapter 2, Article 110, § 110.21 of the Electrical Code of the State of New Mexico. Therefore, he contends contributory negligence is not a defense.

This is a matter of first impression.

Section 110.21 demands that equipment used on circuits of over 300 volts be equipped with a warning sign either on or adjacent to it.

■ Contributory negligence is available as a defense in the normal action for negligence based on the violation of a statute. *Zamora v. J. Korber & Co.,* 59 N.M. 33, 278 P.2d 569 (1954); *Boatright v. Sclivia,* 421 F.2d 949 (10th Cir.1970).

An exception to the rule arises where the effect of the statute, ordinance or regulation is to place the entire responsibility upon the defendant for plaintiff's injury. Restatement of Torts (Second) § 483 (1965); 57 Am.Jur.2d Negligence § 308 (1971). This rule is applicable where the statute imposes *absolute liability* on defendant, *State ex rel. Dept. of Hwys. v. Ray I. Jones Serv. Co.,* 475 P.2d 139 (Okl.1970); *Rothfuss v. Hamilton Masonic Temple Co.,* 34 Ohio St.2d 176, 297 N.E.2d 105 (1973), or where the statute, like the Workmen's

Compensation Act, expressly removes contributory negligence as a defense to an employer. Section 59–10–5(C), N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1); *Gough v. Famariss Oil and Refining Company,* 83 N.M. 710, 496 P.2d 1106 (Ct.App.1972). For other exceptional statutes where the court has found a legislative intent to remove the defense of contributory negligence, see Prosser, Contributory Negligence As Defense To Violation Of Statute, 32 Minn.L. Rev. 105, 118–123 (1948); Restatement of Torts (Second) § 483, Appendix (1966); Annot., 10 A.L.R.2d 853 (1950) and Later Case Service supplementing this annotation (1971); 65A C.J.S. Negligence § 130c.

Whether the plaintiff's contributory negligence is available as a defense depends upon the nature of the enactment violated.

Section 110.21, supra, when applied to experienced electricians, does not prevent a defense of contributory negligence. Contributory negligence was available as a defense.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.