605 P.2d 1156

The CITY OF ALBUQUERQUE, New Mexico, a Municipal Corporation, Petitioner,

v.

Lorie Mary REDDING, Respondent.

No. 12568.

Supreme Court of New Mexico.

Feb. 1, 1980.

Klecan & Roach, Mark Klecan, Albuquerque, for petitioner.

Ortega & Snead, Michael D. Bustamante, Albuquerque, for respondent.

## OPINION

FELTER, Justice.

This suit was brought in the District Court of Bernalillo County to recover damages for personal injuries to Plaintiff-Appellant suffered while riding her bicycle in the southbound curb lane of Yale Avenue, near the intersection of Yale and Silver Avenues in Albuquerque. Her front tire slipped through a drain grate located in the road and she was thrown from her bicycle. Defendant-Appellee, City of Albuquerque, a municipal corporation, (hereinafter the "City") denied negligence and asserted that the complaint failed to state a claim upon which relief could be granted and that Plaintiff-Appellant was barred from recovery by her contributory negligence. After the deposition of the Plaintiff, the City moved for summary judgment. Plaintiff appealed from an order granting summary judgment to the Court of Appeals, which reversed the order of the trial court granting summary judgment. The City petitioned this Court for a writ of certiorari, and the petition was granted. We now affirm the decision of the Court of Appeals.

The memorandum opinion of the Court of Appeals by Judge Hernandez correctly identifies the only two grounds upon which the summary judgment could have been granted by the trial court. The validity of those grounds is the issue here on appeal. Paraphrased, and more broadly stated, they are: (1) whether sovereign immunity as a

matter of law affords the City immunity from the suit; and (2) whether the Plaintiff was contributorily negligent as a matter of law?

 The City asserts that it is immune from suit under the provisions of Section 41–4–11(B), N.M.S.A.1978, which reads in pertinent part as follows:

The liability for which immunity has been waived pursuant to Subsection A of this section shall not include liability for damages caused by:

(1) a defect in plan or design of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area; . . .

Thus, it is contended that the case falls within an exception to the New Mexico Tort Claims Act, §§ 41–4–1 to 41–4–25, N.M.S.A.1978, and immunity from suit attaches.

Although the drain grate in the curb lane of the street formed a part of the street surface, it was only incidental to the plan or design of the roadway, and not a primary part of that plan or design. Its direct purpose was not to facilitate the use of or flow of traffic upon the roadway. Its direct and primary purpose obviously was to care for solid or liquid waste collection and disposal from the roadway, and in this manner, incidentally to facilitate the flow of traffic upon the roadway.

Admittedly the situation in the case at bar does not fit squarely within any specific provisions of the Tort Claims Act. However, we believe that the more specific statutory provision within the Tort Claims Act which may be applicable is contained in Section 41–4–8(A), N.M.S.A.1978, which insofar as applicable reads:

The immunity granted pursuant to Subsection A of Section 4 [41–4–4, NMSA 1978] of the Tort Claims Act does *not* apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of the following public utilities and services: . . . *solid or liquid*

*waste collection or disposal*; . . . (Emphasis added.)

A sewer grate can serve no other primary purpose than to afford disposal of waste water, silt and debris from the roadbed of the street. They are not, indeed, a part of the plan or design of roadways generally apart from their primary purpose.

 It is well established in the law that as between two conflicting statutory provisions, the specific shall govern over the general. *City of Albuquerque v. New Mexico State Corporation Commission*, 18 N.M. St.B.Bull. 883, 93 N.M. 719, 605 P.2d 227 (1979); *New Mexico Bureau of Rev. v. Western Elec. Co.*, 89 N.M. 468, 553 P.2d 1275 (1976); *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936); *Accord Saiz v. City of Albuquerque*, 82 N.M. 746, 487 P.2d 174 (Ct.App.1971) overruled on other grounds at 87 N.M. 237, 531 P.2d 1210 (1975).

We therefore hold that in the case at bar the City was not immune from suit.

As to the issue of contributory negligence, the uncontroverted evidence shows that on the day of the accident, the weather was clear and there was nothing to obstruct Plaintiff's view of the roadway. The accident happened about 3:30 P.M. on a sunny day. Immediately before the accident, Plaintiff was looking straight ahead and saw a bicycle sign next to the grate, but she did not see the grate in the portion of the roadway over which she was travelling.

The City claims that such facts support the premise that Plaintiff was contributorily negligent as a matter of law. Plaintiff contends that the facts present a genuine issue as to the material fact of contributory negligence, and therefore summary judgment was not proper.

 In New Mexico and other jurisdictions, where the rule of contributory negligence has not as yet been replaced by the more enlightened rule of comparative negligence, courts have softened the impact of contributory negligence to a limited degree. For example, it is the rule in New Mexico that contributory negligence is almost always a question of fact to be determined at

trial. *Proctor v. Waxler,* 84 N.M. 361, 503 P.2d 644 (1972); *Behymer v. Kimbell-Diamond Company,* 78 N.M. 570, 434 P.2d 392 (1967); *Lujan v. Reed,* 78 N.M. 556, 434 P.2d 378 (1967); *Gray v. E. J. Longyear Company,* 78 N.M. 161, 429 P.2d 359 (1967); *Stephens v. Dulaney,* 78 N.M. 53, 428 P.2d 27 (1967); *Jones v. Gibberd,* 77 N.M. 222, 421 P.2d 436 (1966); *Mozert v. Noeding,* 76 N.M. 396, 415 P.2d 364 (1966).

█ The general rule of law is to the effect that a person has the duty to keep a careful lookout for his or her own safety, and that failure to do so may constitute contributory negligence as a matter of law. *See Cupps v. Southwestern Public Service Co.,* 91 N.M. 639, 578 P.2d 340 (Ct.App. 1978). *See generally Catalano v. Lewis,* 90 N.M. 215, 561 P.2d 488 (Ct.App.1977); *Werner v. City of Albuquerque,* 89 N.M. 272, 550 P.2d 284 (Ct.App.1976).

In *Cupps v. Southwestern Public Service Co., supra,* appellant's son sustained death by electrocution. While covering a load of hay with a tarpaulin, he came in contact with wires carrying 7,200 volts of electricity, which wires had a clearance of 16′9″ from the ground. Decedent had been warned numerous times by four separate persons about the existence of the electric lines in question and their danger. Further, he had been instructed specifically to back his tractor trailer away from those lines in order that he could cover the hay without coming in contact with the lines. He had plenty of room to park his truck away from the lines, but instead parked the truck in a manner that left a portion of the cab under the wires. The court found contributory negligence as a matter of law.

In *Catalano v. Lewis, supra,* plaintiff's daughter, while exceeding the speed limit, zig-zagged past other cars in a reckless fashion, turned left across four lanes of traffic from the outside lane without keeping a proper lookout or yielding the right of way, and collided with defendant's vehicle coming in the opposite direction. The court found contributory negligence as a matter of law.

In *Werner v. City of Albuquerque, supra,* plaintiff sustained injuries when an explosion resulted from his use of a "pigtail" bulb and socket to test voltage, within a 480-volt, three phase system, after a fuse had blown. At the time of the accident, plaintiff was a licensed electrician with approximately 15 years experience. He knew that the proper method for testing high voltage was by use of a "Wiggins" tester, and he owned one. Further, he knew that it was dangerous to test voltage over 110 volts by use of a "pigtail" light bulb and socket, but he did so anyway. The court found contributory negligence as a matter of law.

It is principally upon the authority of the three cases last cited that the City relies for its claim of contributory negligence as a matter of law. But here we have a situation where the Plaintiff had no prior knowledge, warning, or notice that any permanent part of the roadway was dangerous to bicycle traffic. Indeed, the City had designated the area in question as a bicycle path, and had erected a sign so stating in very close proximity to the dangerous sewer grate itself. Certainly reasonable men could differ as to whether an ordinarily careful person would rely upon the sign and bicycle path designation, and perforce, in his or her mind's eye, not measure the spacing of the grids in the sewer grate in relation to the width of a bicycle tire.

█ An ordinarily careful person is not denied access to justice in New Mexico merely because he or she did not actually see everything that could have been seen before being injured.

In *Garcia v. Barber's Super Markets, Inc.,* 81 N.M. 92, 463 P.2d 516 (Ct.App.1969), contributory negligence was held to be a question for the jury. Plaintiff slipped and fell on water slick tile in defendant's store. She had observed a puddle of water on the floor and stepped around it. She then took another step and looked up to get a towel when her right foot slipped and she fell. The fact of reaching for the towel, instead of looking at the floor could support a finding of contributory negligence as a matter of fact, but not as a matter of law.

In *Hale v. Furr's Incorporated*, 85 N.M. 246, 511 P.2d 572 (Ct.App.1973), it was held that an invitee is not required to be constantly watching the floor to avoid being contributorily negligent. The Court held that a customer of defendant's store, who slipped and fell on pinto beans, where, inter alia, the customer was carrying her one-year old grandchild and the beans were spilled near a check-out counter, was not contributorily negligent as a matter of law.

The court in *Mozert v. Noeding*, 76 N.M. 396, 415 P.2d 364 (1966), found contributory negligence to be a question for the jury where the plaintiff fell down an unguarded stairwell of a dimly lit storeroom.

 We are satisfied that upon the facts of this case that reasonable minds could differ as to whether the Plaintiff was or was not contributorily negligent. Therefore, as to this issue, the trial court committed reversible error in granting summary judgment.

The decision of the Court of Appeals is affirmed, and the decision of the trial court is reversed. The case is remanded to the trial court to vacate the order granting summary judgment and to place the case on its trial calendar.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.