661 P.2d 56

**Barry N. JOHNSON, Plaintiff-Appellee,**

and

**First National Bank in Albuquerque, Intervenor-Appellee,**

v.

**SOUTHWESTERN CATERING CORPORATION, Defendant-Appellant.**

No. 5789.

Court of Appeals of New Mexico.

Feb. 3, 1983.

Lawrence W. Allred, Toulouse, Toulouse & Garcia, P.A., Albuquerque, for defendant-appellant.

David J. Alderete, Padilla & Pennington, Albuquerque, for plaintiff-appellee Johnson.

Ronald T. Taylor, Wollen, Segal & Taylor, P.C., Albuquerque, for intervenor-appellee First National Bank.

OPINION

HENDLEY, Judge.

Southwestern Catering Corporation appeals an adverse ruling by the district court, in an appeal from the metropolitan court, pursuant to § 34–8A–6(C), N.M.S.A.1978 (1981 Repl.Pamph.), in a civil action. The dispositive issue relates to the standard of review to be used by the district court pursuant to N.M.R. Metro.P. 76, N.M.S.A.1978 (1981 Repl.Pamph.).

Southwestern Catering Corporation, prior to submission, filed a motion to strike a part of appellees' answer brief. Because of our disposition of the cause in Southwestern Catering Corporation's favor, we need not discuss the motion, and it is denied.

*Standard of Review.*

This is a question of first impression and must be decided by interpreting the applicable statutes and rules.

Sections 34–8A–6(B), (C) and (D) state:

B. The metropolitan court is not a court of record with respect to criminal actions. The metropolitan court is *a court of record with respect to civil actions.*

C. *Any person aggrieved* by any judgment rendered by the metropolitan court *may appeal* to the district court of the county in which such judgment has been rendered within fifteen days after entry of the judgment. *All criminal trials upon appeal* from the metropolitan court *shall be de novo* unless otherwise specified by supreme court rule.

D. *Any person aggrieved* by any decision of the metropolitan court *with respect to a civil action may appeal* to the district court of the county in which the decision has been rendered, or order or judgment made, by filing within fifteen days of the entry of same a notice of appeal with the clerk of the district court, and *the manner and method for such appeal shall be set forth by rules of the supreme court.*

Appeals from the district court shall be allowed as in other civil action [actions]. (Emphasis added.)

Only civil actions in the metropolitan court are of record. What is the scope of review when there is an appeal from the metropolitan court to the district court?

Metropolitan Court Rule 76 states:

Appeals; review; civil cases.

*Upon the appeal* to the district court, no additional evidence shall be heard and *the transcript of the proceedings* taken in the metropolitan court *and the record proper shall be the record for review by the district court. To preserve a question for review* it must appear that a ruling or decision by the metropolitan court was fairly invoked, but formal exceptions are not required. It is not necessary to file a motion for a new trial, nor are findings of fact or conclusions of law by the metropolitan court or requested findings of fact and conclusions of law by a party necessary *to preserve questions for review.* The absence of an objection to a ruling or order at the time it is made shall not prevent it from being raised on appeal. *In its review on appeal, the district court may affirm, modify, reverse or set aside the judgment* or order from which the appeal is taken. (Emphasis added.)

This section is phrased in terms of a "review" of the record. This is nothing more than what an appellate court does on appeal. The fact that "the district court may affirm, modify, reverse or set aside the judgment" does not mean that the district court may decide the appeal independent of the finding of the metropolitan court. The rule of review is one of substantial evidence to support the finding of the metropolitan court in accordance with the applicable law. This is also apparent when N.M.R. Metro.P. 73, 74, 75, 76, 77 and 78, N.M.S.A.1978 (1981 Repl.Pamph.), are compared with N.M.R. Civ.App. 7, 8, 9 and 11, N.M.S.A.1978 (1982 Cum.Supp.). Both sets of rules speak in similar terms.

A further reason for the standard of review to be one of substantial evidence is that the metropolitan court judges are required to be "a member of the bar of and has practiced in this state for a period of three years." *See* § 34–8A–4, N.M.S.A.

1978 (1981 Repl.Pamph.). This is similar to the requirements, except for age, of the supreme court, court of appeals, and district court judges. *See* N.M. Const. art. VI, §§ 8, 14 and 28. For this reason we feel the supreme court was recognizing a distinction as is shown by the civil and criminal appellate rules from magistrate court to the district court. *See* N.M.Magis.R.Civ.P. 37, N.M.S.A.1978 (1982 Repl.Pamph), and N.M.Magis.R.Crim.P. 41, N.M.S.A.1978 (1982 Supp.). Section 35–13–2, N.M.S.A. 1978 (1982 Cum.Supp.), requires that both civil and criminal magistrate appeals to the district court shall be de novo. Magistrates are not required to have the same qualifications as a metropolitan court judge. *See* § 35–2–1, N.M.S.A.1978, and its amendment in the 1982 Cumulative Supplement, which exempts membership in the bar and three-year practice requirements for cities with a certain population.

We hold that the standard of review to be applied by the district court is one of substantial evidence to support the finding of the metropolitan court. *See Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 428 P.2d 625 (1967); *Stewart v. Barnes,* 80 N.M. 102, 451 P.2d 1006 (Ct.App.1969).

The cause is reversed and remanded to the district court to review the record in conformity with this opinion.

Reversed and remanded.

IT IS SO ORDERED.

LOPEZ, J., concurs.

NEAL, J., dissents.

NEAL, Judge (dissenting).

I respectfully dissent from the holding of the majority decision.

In a civil appeal from metropolitan court to district court, what standard of review must the district court use?

A truck, owned by Southwest Catering Company (SWC) and operated by Charles Sanchez, was parked on an incline. It rolled down the hill and smashed Johnson's car into the First National Bank building. In the Metropolitan Court of Bernalillo

County, Johnson sued SWC and Charles Sanchez for damages. The First National Bank in Albuquerque (Bank) intervened.

Johnson's theory was that lack of maintenance caused the accident. He introduced evidence that the truck's emergency brake did not work, and that the truck would pop out of gear.

The case was tried to the court, which entered judgment in favor of Johnson against Sanchez for $1350.00, and in favor of the Bank against Sanchez for $2100.00. Johnson and the Bank, unhappy that no judgment was rendered against Southwest Catering Company, appealed to the district court, § 34–8A–6(C), N.M.S.A.1978 (1981 Repl.Pamph.). The district court reversed the metro court and entered judgment against SWC as well. SWC appeals claiming:

1. The evidence is insufficient to support a finding that SWC was negligent.

2. The district court was bound by the finding by the metro court that SWC was not negligent.

I would affirm.

### 1. *The evidence was sufficient to show that SWC was negligent.*

The truck was owned by SWC. As owner of the truck it must exercise reasonable care to see that the truck is reasonably safe to operate. The owner is charged with the duty to inspect the vehicle, and is charged with knowledge of defects that an inspection would disclose. *Aetna Cas. & Sur. Co. v. Condict,* 417 F.Supp. 63 (S.D.Miss.1976).

The plaintiff introduced evidence that Sanchez told the investigating policeman that he had reported problems with the gears and the emergency brake to SWC, but that SWC had not fixed the truck. This evidence supports a finding that SWC was negligent.

### 2. *The district court is not bound by the metro court's finding.*

SWC contends that where a finding of the metro court is supported by substantial evidence, the district court is bound by that finding. We disagree.

Metropolitan Court Rule 76, N.M.S.A. 1978 (1981 Repl.Pamph.) provides:

Appeals; review; civil cases.

Upon the appeal to the district court, no additional evidence shall be heard and the transcript of the proceedings taken in the metropolitan court and the record proper shall be the record for review by the district court. To preserve a question for review it must appear that a ruling or decision by the metropolitan court was fairly invoked, but formal exceptions are not required. It is not necessary to file a motion for a new trial, nor are findings of fact or conclusions of law by the metropolitan court or requested findings of fact and conclusions of law by a party necessary to preserve questions for review. The absence of an objection to a ruling or order at the time it is made shall not prevent it from being raised on appeal. *In its review on appeal, the district court may affirm, modify, reverse or set aside the judgment or order from which the appeal is taken.* (Emphasis added.)

In using this language our Supreme Court must have intended that the district court have broad power to "affirm, modify, reverse, or set aside" a judgment of the metro court. Had the kind of limited review contended for by SWC been intended the Supreme Court could have used language to that effect. In appeals from metro court to the district court the only limitation expressed is that the district court cannot take new evidence. It is also significant that "[i]t is not necessary to file . . . findings of fact or conclusions of law by the metropolitan court . . . to preserve questions for review." Nowhere in the Rules of Procedure for the Metropolitan Courts is there a requirement that in a civil trial to the court, the court has a duty to make express findings and conclusions of law. Rule 7 provides:

In all actions tried upon the facts without a jury the judge shall, at the conclusion of the case, orally announce his decision and enter the appropriate judgment or final order.

SWC contends that the metro court's finding or conclusion is binding on the district court. If this is true, why didn't the Supreme Court require written findings and conclusions to be entered by the metro judge so the district court could review them? Rule 7, *supra,* does not even require the metro judge to orally state the findings that support his decision.

I conclude that so long as there is evidence on the record to support its action, a district court may reach conclusions different from those of the metro court. Here, there was evidence that SWC owned the truck; that SWC was responsible for its maintenance; and that the truck caused the damage because it was not adequately maintained.